TATE, Judge.
This is a slander of title action. Principally demanded is cancellation from the conveyance records of a right of way granted by plaintiff landowner in 1939 to Simon Goldsmith and sold in 1948 to defendant Reeves by Goldsmith’s widow and heirs (who are joined as co-defendants.) Plaintiff appeals from judgment rejecting his demand and holding that Reeves “is the owner of the servitude in question.”
By the terms of the original right of way deed (set forth in full as an appendix to this opinion) Goldsmith was granted a right of way over plaintiff’s land, the location of which was shown by an attached plat. In consideration therefor, Goldsmith was to construct “a canal for irrigation purposes, one section or portion of which is to cross” the plaintiff’s land, and plaintiff was given the right to secure from said canal adequate water to raise rice crops on his land contiguous thereto. The right of way was specifically granted to Goldsmith and his heirs and assigns. However, the deed also provided for automatic termination of the right of way if it “is not utilized for canal purposes for a period of three consecutive years.”
Plaintiff contends that such right of way was terminated because in 1945 the Goldsmiths abandoned operation of their canal system, insofar as plaintiff’s land and properties to the north thereof were concerned, *65 and because allegedly the subsequent use of the irrigation right of way by defendant Reeves in 1948 and following years was not such a utilization as would prevent automatic termination thereof for three years’ non-user. It is not suggested that the servitude created by deed was terminated for failure to fulfill any of its other obligations.
The evidence shows that Goldsmith had maintained an irrigation system south of plaintiff’s property prior to 1939, when he secured right of way deeds from plaintiff and the owners of several other properties in order to extend his irrigation system through, and to furnish water (in return for crop share rentals) to, lands northerly of his old canal system. In accordance with the deeds the Goldsmith irrigation canal was extended northward and water therefrom was furnished to the plaintiff and/or other landowners (including defendant Reeves) through the 1945 crop year.
Following that year, there was no further need or opportunity for the Goldsmiths to furnish water to the lands of the plaintiff and of defendant Reeves which had formerly been serviced from the canal, for both of these latter landowners had drilled irrigation wells on their own tracts. Defendant Reeves, however, owned non-contiguous tracts both north and east of plaintiff’s land, and in 1947 conveyed water from his well-site on his northernmost tract to his farm situated on the other (east) side of the plaintiff’s land, through the irrigation canal passing across the property owned by the plaintiff. In 1948 Reeves purchased from the Goldsmiths their right of way over plaintiff’s tract.
It is not seriously disputed that, as shown by the evidence, commencing with 1948 no period of three consecutive years passed during which Reeves did not use the canal in connection with irrigating his easterly tract. Basically, plaintiff contends that the right of way over his land could not be sold by Goldsmith or his heirs, and was not intended to be used, separate from the entire extended irrigation system, to form a part of which it was granted; and that therefore the use by Reeves for his own private purposes of the' small part of the irrigation canal passing through his and plaintiff’s properties was not such a contemplated use thereof as to prevent termination of the right of way by non-user.
Like the trial court, however, we are unable to find that 'the right of way deed granted by plaintiff to Goldsmith, set forth in the appendix hereto, reflects any intention or agreement that water must be furnished northerly from Goldsmith’s Calca-sieu River pumps rather than (as by Reeves) southerly from deep water wells drilled elsewhere. Further, the circumstance that the remainder of the extended Goldsmith canal system was depicted by the plat annexed to the right of way deed to show the location of the servitude thereby granted across plaintiff’s land, does not in our opinion demonstrate any intention to terminate the right of way across plaintiff’s land if subsequently the extended irrigation canal was abandoned as to any other properties along its course.
The right of way granted by plaintiff was thus not under its terms restricted to the carriage of water from any specified source or by any requirement that it be used only in conjunction with the entire Goldsmith canal system. Such being the case, and Goldsmith expressly being granted the right to assign the servitude granted to him, Goldsmith’s sale of the right of way over plaintiff’s land to defendant Reeves must be upheld. And Reeves’ subsequent use thereof to irrigate his own properties constituted a utilization of the right of way “for canal purposes” under the terms of the deed such as to prevent its termination by reason of non-user.
While it is argued with considerable persuasiveness that plaintiff would not have granted the right of way simply to serve as a private convenience to adjacent property (he himself no longer receiving bene *66 fit therefrom, having constructed his own irrigation well), we can only say that the deed granted by him does not reflect such restricted intention. By way of contrast, for instance, the right of way agreement given Ben Goldsmith by the Quatre Parish Company (P-5) was specifically assignable only with the written consent of the grantor-landowner.
Finding no error in the trial court holding that defendant Reeves acquired a valid right of way servitude over plaintiff’s land, we affirm the dismissal of this suit.
Affirmed.
Appendix
State of Louisiana
Parish of Calcasieu
Be it Known: That on this the 17th day of October, A.D.1939, Before Me: Fannie Terrell, a Notary Public, duly commissioned and qualified in and for the above named Parish and State, personally came and appeared William M. Kingrey, a married man living with his first and only wife, Maggie Kingrey, nee Cole, a resident of the Parish of Calcasieu, State of Louisiana, who declared that for the consideration hereinafter set forth he has and by these presents does Grant unto Simon Goldsmith, a married man living with his first and only wife, Rose Goldsmith, nee Schlessinger, a resident of the Parish of Jefferson Davis, State of Louisiana, a right-of-way over the following described strip of land, situate in the Parish of Calcasieu, State of Louisiana to-wit:
That certain strip of land not to exceed seventy (70) feet in width and being shown on the plat hereto attached and made a part hereof where colored in blue, through the South half of Southwest quarter (Si/i of SW14), Northwest quarter of Southwest quarter (NWJ4 of SWJ4) Section Three (3), Township Eight (8) South, Range Eight (8) West, La.Mer.
Now, therefore, the consideration for the said right-of-way over the above land is declared by the parties hereto to be as follows:
1.
The Grantee shall complete a canal for irrigating purposes, one section or portion of which is to cross the lands hereinabove described and he shall have the same available for irrigating purposes by water or flooding time in the year 1939.
2.
The Grantee shall construct and maintain at his expense so long as said canal continues in use for the purposes for which it is granted, suitable bridges over and across said canal where the Grantor may designate.
3.
The Grantor is given the right by the terms of this deed of contracting with the said Grantee for a supply of water, which, together with the natural rainfall, will properly and adequately flood such crops of rice as he or his tenants may from time to time plant on his land contiguous to said canal and/or other lands he may own which may be susceptible of being watered therefrom, or from its laterals, upon such terms and conditions and for such water rentals as shall from year to year be consistent with the prevailing and customary rates and prices.
4.
It is agreed and understood that the use of this canal shall be subject to any oil, gas or mineral lease that the Grantor may make on said land and Grantor or his assigns shall have the right to operate under any such leases provided that such operation shall not interfere with the operation of such canal purposes.
5.
It is further provided that in the event the right-of-way herein granted is not *67 utilized for canal purposes for a period of three consecutive years the same shall automatically become of no effect and the same as if it had not been granted.
To Have and to Hold the above described right-of-way unto the said Simon Goldsmith, his heirs and assigns forever and the said Grantor Warrants same against any persons lawfully claiming or to claim the same or any part thereof.
In Testimony Whereof the said parties have hereunto signed in the presence of Alvah G. Harmon and Clair H. Thorpe, as witnesses and me, Fannie Terrell, Notary Public, on this the_17 day of October, A.D. 1939.
Witnesses
S/ Alvah G. Harmon
S/ William M. Kingrey
S/ Claire H. Thorpe
S/ Simon Goldsmith
Before Me S/ Fannie Terrell Notary Public.